IN THE UNITED STATES DISTRICT COURT

FOR THE SEVENTH CIRCUIT

21-502-JPG

CARLTON MILLER

Petitioner

v.

UNITED STATES

Respondent

Suit Brought Under the Federal Tort Claims Act

Carlton Miller

Party Pro se

U.S.P. - Marion

P.O. Box 1000

Marion, IL 62959

## Introduction

Comes now Carlton A. Miller (Petitioner), pro-se, filing this suit under the Federal Tort Claims Act pursuant to 28 USCS §§2401(b) and 2675(a), 31 USCS §3723(a)(1), and 39 CFR 912.9(a) due to the actual damages incurred on Petitioner resulting from the United States (Respondent) and/or its agent's negligence. Petitioner will show herein the actual damages he has incurred, how those damages are the result of Respondent's negligence, that Petitioner has exhausted every prior attempt at remedy with Respondent's agents to no avail, that Petitioner therefore has standing to bring this suit before this court, that this court has jurisdiction to hear and rule on this suit, and that Petitioner deserves an affirmative ruling in his favor based on the facts and merits presented herein.

## Discussion

### Damages

Dating back to October, 2018 Respondent's agents in the Bureau of Prisons (BOP) denied Petitioner's Constitutional rights under the First Amendment by rejecting delivery of two books ordered by Petitioner for his personal edification. Petitioner appealed their rejection, as discussed below, but was again denied. At that point, Respondent's agents in the BOP claim to have returned the books to the vendor via Respondent's agents in the United States Postal Service (USPS). Petitioner never personally possessed the books at issue, as they remained in Respondent's continuous control from the time they arrived at the facility Petitioner is being held at to the time they were lost. Petitioner paid $80 for the two books plus another $10.50 for shipping and handling from the vendor. Petitioner is only seeking redress for the real property loss of $80 in actual damages.

### Negligence

Black's Law Dictionary (8th Ed) defines **Negligence** as "...denot[ing] culpable carelessness"; **Culpable negligence** is defined as "[n]egligent conduct that, while not intentional, involves a disregard of the consequences likely to result from one's actions"; and **Inadvertent negligence** is defined as "[n]egligence in which the actor is not aware of the unreasonable risk that he or she is creating, but should have foreseen and avoided it." An excerpt from Patrick Devlin's Enforcement of Morals (1968) then says, "Negligence in law ranges from inadvertence that is hardly more than *accidental* to sinful disregard of the safety of others." And since the first half of the 19th century, "... negligence remain[s] the main basis for unintentional torts. Negligence thus developed into the dominant cause of action for accidental injury in this nation today... In most instances, it is caused by heedlessness or *inadvertence*, by which the negligent party is unaware of the results which may follow..." (Page Keeton et al, Prusser & Keeton on the Law of Torts, 5th Ed 1984) (emphasis added)

When Petitioner ordered the books from the vendor he paid $10.50 in shipping and handling charges to ensure their successful delivery, and they were in fact successfully delivered

to USP Marion where Petitioner is being held in Respondent's custody. Respondent's agents in the BOP refused final delivery of the books to Petitioner and retained possession throughout Petitioner's appeal process. Following the appeal and its ultimate denial, Respondent's agents in the BOP were responsible for returning the books to the vendor via Respondent's agents in the USPS.

Respondent's agents in the BOP, per BOP Program Statements, declare incoming inmate packages being returned to a vendor as a result of institutional administration to be "Official Mail". (BOP Program Statement #5800.10) Section 314 B further states that "inmate packages forwarded as a matter of institutional administration shall be forwarded at Government expense. Dating back to 1995, the USPS mandated that all government agencies use "Direct Accountability" methods which require direct payment of postage through the use of postage meters, business reply mail, or stamps. BOP institutions are therefore required to use a postage meter or stamps to pay for official mail being processed through the USPS.

On August 4, 2020 Petitioner filed a written "Inmate Request to Staff" asking for a Tort Claim form to file with the USPS as well as copies of any shipping records and/or receipts the USP Marion mailroom had relating to the rejection and return of the two books at issue herein. (See Attachment A) This copout was never responded to, and no shipping records/receipts were ever provided by the BOP to Petitioner to attach to his tort claim filed with the USPS.

It's not clear whether any record exists proving the BOP actually returned the books, but if they were, it's highly likely that the postage was paid for via the postage meter in the USP Marion mailroom, and in an effort to minimize the potential for abusive use of that postage meter, any reasonable person would expect an agency as large as the BOP to require the shipment of the books be recorded in some type of logbook or database. Any other action taken by Respondent's agents would have been contrary to BOP Program Statements and therefore fall outside of any discretionary function or duty (thus eliminating the Discretionary Function Exception). To be sure, when one applies the Supreme Court's discretionary function test (see Berkovitz v United States, 486 US 531 (1988)), the BOP's own Program Statements leave no room for discretion with regard to what "official mail" is, how it's handled by BOP staff, how to pay for its shipment (postage meter), and who will do the shipping (the USPS). Be it accidental, inadvertent, or otherwise, negligence on the part of Respondent's agent(s) caused the loss of the two books at issue herein and therefore the damages which Petitioner incurred due to their loss.

If fault doesn't lie with the BOP, then it lies with the USPS. The USPS' sole purpose is to safely and successfully deliver mail. If the BOP placed the books in USPS custody (postage paid and properly packaged/addressed), then their disappearance while in USPS custody could only result from negligence. Every step of a package's transit is covered by one USPS policy or another; from pick-up, to transit, to delivery. So again, be it accidental, inadvertent, or otherwise, negligence on the part of Respondent's agent(s) caused the loss of the two books at issue herein and therefore the damages which Petitioner incurred due to their loss.

Exhaustion of Administrative Remedies

Immediately upon confirming the books had been lost (on April 15, 2020) Petitioner filed a Tort Claim with the BOP. On July 29, 2020 the BOP responded, claiming that it was not at fault. At this point, Petitioner filed a Tort Claim with the USPS. On February 21, 2021 the USPS responded, claiming that it was not at fault. (See Attachments B & C respectively) So neither of Respondent's agents are willing to admit any negligence on their part, but the fact still remains, Petitioner never possessed either of the books (they remained in Respondent's agents control). Therefore, Respondent's agents were the only people who handled the books, and it was their responsibility to ensure their safe delivery back to the vendor. But the books never made it back to the vendor, and even their own internal investigations failed to locate the lost books. Nor did they admit to their role in losing the books. Clearly, culpability cannot lie with the Petitioner, and by default, liability therefore must belong to Respondent's agent(s) in either the BOP or USPS. But Petitioner has exhausted his administrative remedies with Respondent's agents to no avail and therefore now must rely on this court to rule against Respondent and order it to reimburse Petitioner for the damages he's incurred due to Respondent's negligence.

Standing

Pursuant to 28 USCS §§2401(b) and 2675(a), 31 USCS §3723(a)(1), and 39 CFR 912.9(a) when Respondent's agent(s) deny a Tort Claim properly brought before it, a suit such as this may be brought before a federal district court. Petitioner timely filed Tort Claims with each of Respondent's agents (BOP and USPS) and each was summarily denied. Therefore, Petitioner has standing to bring this suit before this court. Both the BOP and USPS are agents of Respondent and this suit is being brought before this court within six (6) months of having his Tort Claim denied by the USPS. Therefore, Petitioner has standing to bring this suit before this court.

Jurisdiction

Pursuant to 28 USCS §§2401(b) and 2675(a), 31 USCS §3723(a)(1), and 39 CFR 912.9(a) Petitioner's suit must be filed with the appropriate federal district court. Petitioner's real property losses and the subsequent damages he incurred happened while he was in the custody of the BOP and housed at USP-Marion in Marion, Illinois. Marion, Illinois is situated in the southern district of Illinois which is part of the United States 7th Circuit, therefore this court is the proper venue to bring this suit, and this court has jurisdiction to hear and rule on this suit.

Merit

Petitioner has suffered actual damages resulting from the real property loss of two books valued at $80. The loss of those two books came at the hands of Respondent's agent(s) in either the BOP or USPS. Petitioner never actually possessed either book, as they remained in Respondent's agent's possession and control from the time they arrived at USP-Marion to the time they were lost. It was Respondent's agent's responsibility to maintain the safe keeping and

successful return of these books to the vendor. Respondent's agent(s) failed in this task and unless they were lost maliciously they had to be lost accidentally due to Respondent's agent's negligence. This negligence, even if accidental, merits a ruling by this court in favor of the Petitioner.

Relief Requested

Petitioner has suffered actual damages in the amount of $80 for the real property loss caused by Respondent's agent(s) negligence, as explained herein above. Petitioner has attempted to recover these damages directly from Respondent's agent(s) to no avail. Therefore, Petitioner respectfully asks this court for an affirmative ruling in Petitioner's favor ordering Respondent to remunerate Petitioner in the amount of $80 for the damages incurred for the real property loss caused by Respondent's agent(s). Petitioner, further requests this court order Respondent to pay any and all court/filing fees associated with this suit, as this whole proceeding could have and should have been avoided if Respondent's agent(s) would have simply acknowledged their mistake and reimbursed Petitioner accordingly when it was first brought to their attention.

Declaration

I, Carlton A. Miller, Petitioner pro-se, do hereby declare and make solemn affirmation that each and every one of the foregoing statements herein are made of my own personal, first-hand, actual knowledge, and are true, correct, complete and not misleading, as a free act and deed, under penalty of perjury. Petitioner is of sound mind, of legal age of majority, has not made these statements under threat, duress, or coercion, and is competent to testify if called upon.

Dated: _May 17, 2021_

Respectfully submitted,

(s) _____

CARLTON MILLER

pro se

# Attachment A

# Inmate Request to Staff

BP-A0148                        **INMATE REQUEST TO STAFF** CDFRM
JUNE 10
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Mailroom/Records – Mr Weisel* | DATE: *8/4/2020* |
|---|---|
| FROM: *Carlton Miller* | REGISTER NO.: *42116-044* |
| WORK ASSIGNMENT: *Unicor* | UNIT: *N* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.

*I need to file a Tort Claim with the USPS regarding two books sent from here but were never received by the vendor. Will you please send me the appropriate USPS form(s) required for this as well as copies of dispatch + receipt records from the mailroom related to the rejection + return of the books shown on the attached rejection form.*

(Do not write below this line)

DISPOSITION:

*This request was not responded to by Mr Weisel. 8/27/2020 I went to the mailroom window and asked Mr Helmsley for a Tort Claim form for the USPS. He said he'd look for it + put it in the mail to be given to me that afternoon. On 9/4/2020 I was called to the mailroom + Mr Helmsley gave me a packet he printed from the USPS website w/ instructions how to file a claim. That packet didn't contain a Tort Claim form in it. I got the actual form from Bill, who mailed it in to me.*

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate

PDF                        Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER        **SECTION 6**

Attachment B

Response to

Tort Claim Filed w/ BOP



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS   66101*

July 29, 2020

Carlton Miller
Reg. No. 42116-044
USP Marion
P.O. Box 1000
Marion, IL   62959

Re:    Claim Number TRT-NCR-2020-04679
       Amount Claimed $80.00

Dear Claimant:

The above-referenced claim has been considered for administrative settlement pursuant to 31 U.S.C. §3723, <u>Small Claims for Property Damage or Loss</u>.   This statute authorizes federal agencies to settle a claim which is filed within one year after the claim accrued, for not more than $1,000 for damage to, or loss of, privately owned inmate property that is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment.

As a result of our investigation, your claim is denied.   This letter serves as a notification of the denial pursuant to 31 U.S.C. §3723.   You cannot file suit in an appropriate U.S. District Court, as there is no judicial review for claims decided pursuant to 31 U.S.C. §3723.   You may request, in writing, the Bureau of Prisons reconsider your claim.   Your request for reconsideration must be submitted to the Regional Counsel for the North Central Regional Office within three months of the date of this letter.   You must include additional evidence of the damage or loss to support your request for reconsideration.

Sincerely,

Richard M. Winter
Regional Counsel

Attachment C

Response to

Tort Claim Filed w/ USPS

TORT CLAIMS
ACCOUNTING SERVICE CENTER


*UNITED STATES*
*POSTAL SERVICE*

**CERTIFIED NO: 7019 0070 0002 3520 8325**
**RETURN RECEIPT REQUESTED**

February 21, 2021

CARLTON MILLER
#42116-044
USP-MARION
PO BOX 1000
MARION IL 62959

RE:    USPS File No:        TC2020 70734

Dear Mr. Miller:

This is in reference to the administrative claim you filed under the provisions of the
Federal Tort Claims Act, as a result of damages allegedly sustained on or about
August 8, 2019.

The Postal Service is not legally obligated to pay all losses which may occur, but
only those caused by the negligent or wrongful act or omission of an employee
acting in the scope of his/her employment. We are guided in our determination by
all the information available to us, including the reports of our personnel and any
other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a
negligent act or omission on the part of the U.S. Postal Service or its employees.
While we regret any damages or injuries that may have occurred, we cannot accept
legal liability for them. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with
the Postal Service's final denial of an administrative claim, a claimant may file suit in
a United States District Court no later than six (6) months after the date the Postal
Service mails the notice of that final action. Accordingly, any suit filed in regards to
this denial must be filed no later than six (6) months from the date of the mailing of
this letter, which is the date shown above. Further, note the United States of
America is the only proper defendant in a civil action brought pursuant to the
Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b),
prior to the commencement of suit and prior to the expiration of the six (6) month
period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or
legal representative, may file a written request for reconsideration with the postal
official who issued the final denial of the claim. Upon the timely filing of a request

- 2 -

for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Keenan Heard
Accounting & Control Specialist, Sr.


email: Stacey Sowadski
       Tort Claims Coordinator
       Case No: 630-19-00488796A

**UNITED STATES**
**POSTAL SERVICE**

ST. LOUIS ACCOUNTING SERVICE CENTER
P.O. BOX 80400
SAINT LOUIS, MO 63180-0400

**CERTIFIED MAIL**

7019 0700 0002 3520 8325

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



USP MARION
SPECIAL/LEGAL MAIL
RECEIVED FROM USPS 2-17-21 10⁰⁰
RECEIVED FROM MAIL ROOM
DELIVERED

CARLTON MILLER
#42116-044
USP-MARION
PO BOX 1000
MARION IL 62959

62959-750000



MAIL HAS NOT BEEN READ (IS MARKED)

42116-044
Court Clerk
U.S. District Court
301 W MAIN ST
First Floor
Benton, IL 62812
United States

Legal Mail

Carlon Miller
42116-044
United States Penitentiary
PO Box 1000
Marion, IL 62959

# RECEIVED

MAY 21 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

Legal
Mail

Warden
United States Penitentiary
Marion, IL 62959

Date: MAY 18 2021

The enclosed letter was processed through
special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction,
you may wish to return the material for
further information on clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
to enclosure to the above address.